IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

JANET L. FREEMAN                                                                                    PLAINTIFF

vs.                                           Civil No. 4:10-cv-04100

MICHAEL J. ASTRUE                                                                              DEFENDANT
Commissioner, Social Security Administration


**MEMORANDUM OPINION**

Janet L. Freeman ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying her applications for Supplemental Security Income ("SSI"), Disability Insurance Benefits ("DIB"), and a period of disability under Titles II and XVI of the Act.  The parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. ECF No. 5.[1] Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

**1. Background:**

Plaintiff filed her disability applications on January 17, 2008.  (Tr. 10, 92-99).  In her applications, Plaintiff alleged she was disabled due to the following: sleep apnea, diabetes, depression, excess fluid, chronic obstructive pulmonary disease ("COPD"), high cholesterol,

---

[1] The docket numbers for this case are referenced by the designation "ECF No. ____"  The transcript pages for this case are referenced by the designation "Tr."

1

restlessness when sleeping, allergies, acid reflux, a thyroid condition, and an oxygen deficiency. (Tr. 109). Plaintiff alleged an onset date of November 1, 2007. (Tr. 92, 95). These applications were denied initially and again on reconsideration. (Tr. 47-50).

Thereafter, Plaintiff requested an administrative hearing on her applications, and this hearing request was granted. (Tr. 24-46, 66-88). An administrative hearing was held on August 11, 2009 in Texarkana, Arkansas. (Tr. 24-46). Plaintiff was present and was represented by counsel, Greg Giles, at this hearing. *Id.* Plaintiff and Vocational Expert ("VE") Dwight Turner testified at this hearing. *Id.* On the date of this hearing, Plaintiff was forty-seven (47) years old, which is defined as a "younger person" under 20 C.F.R. § 404.1563(c) (2008), and had obtained her GED. (Tr. 28).

On October 9, 2009, the ALJ entered an unfavorable decision denying Plaintiff's disability applications. (Tr. 10-21). In this decision, the ALJ determined Plaintiff met the insured status requirements of the Act through December 30, 2009. (Tr. 12, Finding 1). The ALJ determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since her alleged onset date of November 1, 2007. (Tr. 12, Finding 2). The ALJ determined Plaintiff had the following severe impairments: COPD, status post bilateral mastectomies, sleep apnea, hypertension, diabetes mellitus, and obesity. (Tr. 12-15, Finding 3). The ALJ, however, also determined Plaintiff did not have an impairment or combination of impairments listed in, or medically equal to one listed in Appendix 1, Subpart P, Regulations No. 4 ("Listings"). (Tr. 16, Finding 4).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined her RFC. (Tr. 16-19). First, the ALJ evaluated Plaintiff's subjective complaints and found her claimed limitations were not entirely credible. *Id.* Second, the ALJ determined, based upon his review of Plaintiff's subjective complaints, the hearing testimony, and the evidence in the record, that Plaintiff

2

retained the RFC to perform the following:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform sedentary or light work as defined in 20 CFR 404.1567(a) and 416.967(a) with lifting and carrying 20 pounds occasionally and 10 pounds frequently, occasional bending, stooping, crouching, crawling, and kneeling, no climbing of ladders, ropes or scaffolds, no working around hazardous machinery or at heights, no dangerous balancing, no exposure to heavy amounts of dust, dirt, molds or chemicals, etc., and is limited to simple and detailed, but not complex job tasks, with reasonable contact with others.

(Tr. 16-17).

The ALJ evaluated Plaintiff's Past Relevant Work ("PRW"), and the VE testified at the administrative hearing regarding this issue. (Tr. 19). Based upon that testimony, the ALJ determined Plaintiff's PRW included work as a truck driver (medium, semiskilled). *Id.* After reviewing her RFC, the ALJ determined Plaintiff would be unable to perform this PRW. *Id.*

The ALJ then determined whether Plaintiff would be able to perform other work existing in significant numbers in the national economy, considering her age, education, RFC, and work experience. (Tr. 19-20, Finding 10). The ALJ based this determination upon the testimony of the VE. *Id.* Specifically, the VE testified that a hypothetical individual with Plaintiff's limitations retained the capacity to perform representative occupations such as (1) an assembler with 40,000 such jobs in the region and 240,000 such jobs in the nation; (2) inspecting table worker with 15,000 such jobs in the region and 200,000 such jobs in the nation; and (3) surveillance systems monitor with 3,000 such jobs in the region and 500,000 such jobs in the nation. (Tr. 20). The ALJ then determined Plaintiff had not been under a disability, as defined by the Act, from November 1, 2007 through the date of his decision or through October 9, 2009. (Tr. 20, Finding 11).

Thereafter, on October 26, 2009, Plaintiff requested that the Appeals Council review the

3

ALJ's unfavorable decision.  (Tr. 6).  *See* 20 C.F.R. § 404.968.  On June 30, 2010, the Appeals Council declined to review the ALJ's unfavorable disability determination.  (Tr. 1-3).  On July 14, 2010, Plaintiff filed the present appeal.  ECF No. 1.  The Parties consented to the jurisdiction of this Court on July 20, 2010.  ECF No. 5.  Both Parties have filed appeal briefs.  ECF Nos. 8-9.  This case is now ready for decision.

**2. Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole.  *See* 42 U.S.C. § 405(g) (2006);  *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002).  Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision.  *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001).  As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently.  *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001).  If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed.  *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity.  *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998);  42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).  The Act defines a

"physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382c(a)(3)(D). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3. Discussion:**

In her appeal brief, Plaintiff argues her case must be reversed and remanded and raises the following four points on appeal: (A) the ALJ erred by finding her impairments did not meet the requirements of the respiratory system impairment listing; (B) the ALJ improperly evaluated her RFC; (C) the ALJ improperly evaluated her subjective complaints; and (D) the ALJ erred in his Step Five

determination. ECF No. 14 at 9-20. In response, Defendant argues that the ALJ's disability determination is supported by substantial evidence in the record, and Plaintiff's claims offer no basis for reversal. This Court will address all four of Plaintiff's arguments for reversal.

### A.     Evaluation of the Listings

Plaintiff claims the ALJ erred by finding her breathing problems did not satisfy the requirements of the respiratory system impairment listing. ECF No. 8 at 12-15. In making this argument, however, Plaintiff only makes the broad claim that her impairment meets the requirements of this listing. *Id.* She has not referenced any specific medical evidence supporting her claim that her breathing impairment meets the requirements of this listing. *Id.* Indeed, the only evidence Plaintiff provides in support of her claim that she meets this listing is from "the first consultative physician." *Id.* Plaintiff, however, does not specify *what* findings were made regarding her respiratory function or whether those findings directed the conclusion that she meets the requirements of this listing.[2] *Id.*

Plaintiff has the burden of establishing her breathing impairment meets the requirements of this listing. *See Carlson v. Astrue,* 604 F.3d 589, 593 (8th Cir. 2010) (citation omitted). Because Plaintiff has clearly not met this burden, this Court will not address Plaintiff's claim regarding this listing any further. *See Vandenboom v. Barnhart,* 421 F.3d 745, 750 (8th Cir. 2005) (rejecting "out of hand" the claimant's "conclusory assertion that the ALJ failed to consider" whether his impairments met the requirements of the listings because the claimant provided "no analysis of the relevant law or facts" regarding those listings).

---

[2] Indeed, it appears the medical records Plaintiff is referring to by "the first consultative physician" are from Ann Green, Ph.D., FNP. (Tr. 419-420). Ms. Green, however, only found Plaintiff could not perform her PRW as a truck driver due to her impairments. *Id.* Such a finding in consistent with the ALJ's disability determination in this case that Plaintiff could not perform her PRW.

6

### B.　　RFC Determination

Plaintiff makes several claims regarding the ALJ's RFC determination. ECF No. 8. Plaintiff first claims the ALJ erred by not accounting for her need to use an electronic nebulizer and oxygen while at work. *Id.* at 13. However, while Plaintiff testified at the administrative hearing that she needed to use this nebulizer and oxygen during the workday, Plaintiff has offered no specific medical evidence to support that claim. Thus, this Court has no direction as to which medical records Plaintiff may use to support her claims.

However, this Court has independently reviewed the record in this case and for two reasons, finds the ALJ properly determined Plaintiff did not require the use of either the nebulizer or oxygen during the workday. First, this Court finds none of Plaintiff's medical records establish Plaintiff must use the home nebulizer and oxygen throughout the workday. Indeed, based upon her medical records, it appears she might need nebulizer treatments during the day if she resumed her *past work* as a truck driver. (Tr. 247). These records, however, also indicate that these treatments would only be temporary, and she would only need nebulizer treatments because of her recent weight gain. *Id.* Additionally, it does not appear that any of her medical records reflect she was prescribed oxygen for use throughout the day.

Second, and more importantly, it appears the nebulizer and oxygen might only be necessary because Plaintiff refuses to stop smoking. At the administrative hearing in this matter, Plaintiff testified she was smoking one and one-half packs of cigarettes a day, even though she had been repeatedly advised to stop smoking by her physician. (Tr. 31, 295, 309). The ALJ considered Plaintiff's smoking, and Plaintiff's failure to follow a prescribed course of treatment, when he discounted Plaintiff's claim that she would need nebulizer treatments and oxygen throughout the

workday *due to her alleged impairments.* (Tr. 18). Instead, those nebulizer treatments and oxygen might be only necessary due to Plaintiff's self-imposed practice of smoking. Because the ALJ properly evaluated Plaintiff's claims and considered her smoking, this Court finds the ALJ properly discounted Plaintiff's claim that she needed to use a home nebulizer and oxygen during the workday. *See Choate v. Barnhart,* 457 F.3d 865, 872 (8th Cir. 2006) (affirming the ALJ's decision to discount a claimant's subjective complaints where the claimant was noncompliant with the treating physician's instructions, including the instruction to stop smoking).

Plaintiff's second claim is that the ALJ failed to consider her alleged respiratory impairments when assessing her RFC. ECF No. 8 at 19. In assessing her RFC, however, the ALJ did consider Plaintiff's respiratory impairments and noted she was limited due to those impairments. (Tr. 16-17). Specifically, in assessing her RFC, the ALJ found Plaintiff could have "no exposure to heavy amounts of dust, dirt, molds or chemicals, etc." *Id.* Thus, this Court finds the ALJ did consider Plaintiff's respiratory impairments, and Plaintiff's claim that the ALJ did not consider them is without merit.

Plaintiff's third claim is that the ALJ improperly determined she had no restrictions in her ability to stand or walk. ECF No. 8 at 18. The ALJ, however, determined Plaintiff retained the RFC to only perform sedentary or light work. *Id.* Both sedentary and light work involve restrictions on walking and standing. *Id. See* 20 C.F.R. §§ 404.1567(a)-(b), 416.967(a)-(b). Thus, this Court finds Plaintiff's claim on this issue is also without merit.

### C.     Credibility Determination

Plaintiff claims the ALJ improperly evaluated her subjective complaints of disabling limitations due to her "emphysema, dyspnea, COPD and use of oxygen and four nebulizers." ECF No. 8. In assessing the credibility of a claimant, the ALJ is required to examine and to apply the five

8

factors from *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984) or from 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929.[3] *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). The factors to consider are as follows: (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the pain or limitation; (3) the precipitating and aggravating factors; (4) the dosage, effectiveness, and side effects of medication; and (5) the functional restrictions. *See Polaski,* 739 at 1322. The factors must be analyzed and considered in light of the claimant's subjective complaints. *See id.*

The ALJ is not required to methodically discuss each factor as long as the ALJ acknowledges and examines these factors prior to discounting the claimant's subjective complaints. *See Lowe v. Apfel,* 226 F.3d 969, 971-72 (8th Cir. 2000). As long as the ALJ properly applies these five factors and gives several valid reasons for finding that the Plaintiff's subjective complaints are not entirely credible, the ALJ's credibility determination is entitled to deference. *See id.*; *Cox v. Barnhart,* 471 F.3d 902, 907 (8th Cir. 2006). The ALJ, however, cannot discount Plaintiff's subjective complaints "solely because the objective medical evidence does not fully support them [the subjective complaints]." *Polaski,* 739 F.2d at 1322.

When discounting a claimant's complaint, the ALJ must make a specific credibility determination, articulating the reasons for discrediting the testimony, addressing any inconsistencies, and discussing the *Polaski* factors. *See Baker v. Apfel,* 159 F.3d 1140, 1144 (8th Cir. 1998). The inability to work without some pain or discomfort or limitation is not a sufficient reason to find a Plaintiff disabled within the strict definition of the Act. The issue is not the existence of pain or the

---

[3] Social Security Regulations 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929 require the analysis of two additional factors: (1) "treatment, other than medication, you receive or have received for relief of your pain or other symptoms" and (2) "any measures you use or have used to relieve your pain or symptoms (e.g., lying flat on your back, standing for 15 to 20 minutes every hour, sleeping on a board, etc.)." However, under *Polaski* and its progeny, the Eighth Circuit has not yet required the analysis of these additional factors. *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). Thus, this Court will not require the analysis of these additional factors in this case.

limitation, but whether the pain or limitation a Plaintiff experiences precludes the performance of substantial gainful activity. *See Thomas v. Sullivan*, 928 F.2d 255, 259 (8th Cir. 1991).

In the present action, the ALJ fully complied with the requirements of *Polaski*. Specifically, the ALJ made the following findings when he discounted Plaintiff's subjective complaints: (1) Plaintiff had no limitation in her activities of daily living, and her activities included driving to see her mother, grocery shopping, paying bills, cleaning, and handling her daily needs; and (2) Plaintiff failed to follow her physician's instructions, including his direction to stop smoking and lose weight.[4] (Tr.12-20). Accordingly, because the ALJ's credibility determination was supported by "good reasons," it should be affirmed. *See Gregg v. Barnhart,* 354 F.3d 710, 714 (8th Cir. 2003) (holding that "[i]f an ALJ explicitly discredits the claimant's testimony and gives good reasons for doing so, we will normally defer to the ALJ's credibility determination") (citation omitted).

D.   **Step Five Determination**

Plaintiff claims the ALJ improperly relied upon the testimony of the VE in finding she was not disabled. ECF No. 9 at 15-20. Specifically, Plaintiff claims the ALJ's hypothetical to the VE failed to specifically set forth all of the claimant's mental and physical limitations. *Id.* In his hypothetical to the VE, the ALJ stated the following:

> Q: Okay. Well, we're not going to be sending this, this–medium work can't be done. So, we're, we're not going to talk about the past relevant work anymore. We'll talk about the other jobs. If I have an individual the claimant's age, education, and experience, capable of sedentary or light work. I guess I would prefer sedentary jobs if at [sic] were possible. Capable of standing six hours in an eight-hour day, lifting twenty pounds occasionally and ten pounds frequently, limited to occasional bending,

---

[4] It appears that, in assessing her credibility, the ALJ also relied upon the fact that Plaintiff quit working as a truck driver to care for her sick husband and not as the result of an alleged disability. (Tr. 18). Such a fact indicates she was not disabled. *See Eichelberger v. Barnhart,* 390 F.3d 584, 590 (8th Cir. 2004) (affirming the ALJ's credibility determination which was based partially on the fact that the claimant had stopped working to care for her grandchildren).

stooping, crouching, crawling and kneeling. No ladders, scaffolds, ropes, no heights, no hazards. No heavy amounts of dirt, dust, mold, chemicals, things of that nature, no, not none whatsoever, but no heavy amounts of dirt, dust, mold and chemicals. No dangerous balancing, and obviously if you're just walking, there's balancing, but I'm looking to eliminate those situations where there's particular danger if balance were to be lost. Simple jobs are acceptable, detailed jobs are acceptable, complex jobs are not acceptable, reasonable contact with others, meaning he can get along with co-workers and supervisors, but we don't want a job where the job would primarily be interaction with other people.

(Tr. 42-43).

This hypothetical included all the limitations from the ALJ's RFC determination. (Tr. 16-17, Finding 5). As outlined above, this Court finds the ALJ's RFC determination is supported by substantial evidence in the record. Because the ALJ included all the limitations in this hypothetical that he found credible and which were supported by the evidence in the record, this Court finds the ALJ did not err by relying on the VE's response to this hypothetical question. *See Gragg v. Astrue,* 615 F.3d 932, 941 (8th Cir. 2010) (affirming the ALJ's disability determination where the ALJ included in his hypothetical to the VE all the limitations he found credible).

### 4. <u>Conclusion:</u>

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is supported by substantial evidence and should be affirmed. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 22nd day of July, 2011.**

/s/   Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE

11